**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIA VENTURA, individually and
on behalf of the Estate of Omar
Ventura and the Heirs of Omar
Ventura; O. V., Maria Ventura, as
guardian ad litem; J. V., Maria
Ventura, as guardian ad litem,
                *Plaintiffs-Appellants*,

v.

JENNIFER RUTLEDGE, Officer; CITY
OF PORTERVILLE,
                *Defendants-Appellees.*

No. 19-16626

D.C. No.
1:17-cv-00237-
DAD-SKO

OPINION

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 2, 2020\*
Pasadena, California

Filed October 22, 2020

---

\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Sandra S. Ikuta and Mark J. Bennett, Circuit Judges, and Douglas P. Woodlock,[**] District Judge.

Opinion by Judge Bennett

---

## SUMMARY[***]

### Civil Rights

The panel affirmed the district court's grant of summary judgment to a police officer, on the basis of qualified immunity, in an action brought pursuant to 42 U.S.C. § 1983 alleging that the officer used excessive deadly force when she shot plaintiff's son, Omar Ventura.

The district court found that no controlling precedent had clearly established that Omar's right under the Fourth Amendment to be free from the excessive use of deadly force by police would be violated when he was shot and killed as he advanced toward an individual he had earlier that day assaulted, while carrying a drawn knife and while defying specific police orders to stop.

The panel held that the Supreme Court's decision in *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) showed that, as of 2010, there was no clearly established law demonstrating that Officer Rutledge's use of deadly force

---

[**] The Honorable Douglas P. Woodlock, United States District Judge for the District of Massachusetts, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

was unconstitutional. The panel further held that the cases cited by appellant subsequent to *Kisela* did not "squarely govern" the facts here. Omar was advancing with a knife toward a woman whom he had reportedly just assaulted. He ignored Officer Rutledge's repeated commands to stop and a warning that she would shoot. None of the cases plaintiff cited involved an officer acting under similar circumstances as Officer Rutledge, and therefore, plaintiff failed to show that it was clearly established that Officer Rutledge's actions amounted to constitutionally excessive force.

## COUNSEL

Kevin G. Little, Law Office of Kevin G. Little, Fresno, California, for Plaintiffs-Appellants.

Bruce D. Praet (argued), Ferguson Praet & Sherman, Santa Ana, California, for Defendants-Appellees.

## OPINION

BENNETT, Circuit Judge:

Maria Ventura, individually and on behalf of the Estate of Omar Ventura and the Heirs of Omar Ventura, appeals the district court's grant of summary judgment to Officer Jennifer Rutledge and the City of Porterville based on qualified immunity. The only issue before us is whether the district court properly determined that Officer Rutledge is entitled to qualified immunity from Ventura's Fourth Amendment claim stemming from the shooting of her son, Omar Ventura ("Omar"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

The following facts are undisputed. On December 24, 2015, Martha Andrade, the mother of Omar's children, called 911 and reported that Omar had hit Andrade and his mother, Plaintiff Ventura, and had smashed Andrade's vehicle's window. Officer Rutledge responded to the 911 call, which was classified as a violent domestic disturbance. When Officer Rutledge arrived at the home, Omar was not present. While Officer Rutledge interviewed Andrade, Omar started walking up the street toward the home. Andrade identified Omar to Officer Rutledge, pointing to him and exclaiming "that's him." Andrade moved behind trash cans in the driveway as Omar continued to approach. Officer Rutledge issued several orders for Omar to "stop." Despite these orders, Omar continued to advance toward Andrade and took out a knife from his pocket. Continuing to approach Andrade with knife in hand, Omar asked, "Is this what you wanted?" Officer Rutledge then shouted a warning to Omar to "[s]top or I'll shoot." When Omar did not stop, Officer Rutledge fired two shots at him. The shots killed Omar. At oral argument before the district court, the parties agreed that Omar got within 10–15 feet of Andrade before Officer Rutledge fired.

The district court found that no controlling precedent had "clearly establish[ed] that Omar's right under the Fourth Amendment to be free from the excessive use of deadly force by police would be violated when he was shot and killed as he advanced toward an individual he had earlier that day assaulted, while carrying a drawn knife and while defying specific police orders to stop." We agree.

## II.

"We review de novo both the grant of summary judgment and the conclusion that a[n officer] is entitled to qualified immunity." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011). We view the evidence and draw all inferences in the light most favorable to the non-moving party to determine whether any issues of material fact remain and whether the district court correctly applied the law. *See id.*

"Qualified immunity attaches when an [officer's] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam)). Clearly established law exists when "'[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable [officer] would have understood that what [she] is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (first three alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The precedent establishing this right must place the question "beyond debate." *Id.* In the Fourth Amendment excessive force context, "specificity is especially important," *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015), and "thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue," *Kisela*, 138 S. Ct. at 1153 (internal quotation marks and citation omitted).

We consider two questions in determining whether an officer is entitled to qualified immunity: (1) whether the facts "taken in the light most favorable to the party asserting the injury show that the officers' conduct violated a constitutional right" and (2) whether "the right was clearly established at the time of the alleged violation." *Thompson*

*v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) (internal quotation marks and brackets omitted) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). We may consider the two questions in any order. *Id.* We consider only the second question here.

The undisputed facts establish that (1) Officer Rutledge was responding to a violent domestic disturbance where Andrade had called 911 to report that Omar had hit her and Omar's mother and had smashed the window of Andrade's car; (2) Omar was approaching Andrade with a knife drawn; (3) Omar continued his advance while ignoring multiple commands from Officer Rutledge to stop and a warning that Officer Rutledge would shoot; and (4) Omar had advanced to within 10–15 feet of Andrade when Officer Rutledge fired.

The Supreme Court in *Kisela* considered a similar situation. It concluded that, as of 2010, it was not clearly established in the Ninth Circuit that the use of deadly force was unconstitutional where the decedent "was armed with a large knife," had advanced "within striking distance" of another individual, and was ignoring the officer's orders to drop the knife. *Kisela*, 138 S. Ct. at 1154. The Supreme Court also found that even though the decedent appeared calm and the other woman present did not feel endangered, the shooting officer did not violate clearly established law and was therefore entitled to qualified immunity. *Id.* at 1151, 1154.

Omar posed at least as much of a threat as the decedent in *Kisela*. Officer Rutledge was responding to a violent domestic dispute rather than the simple "check welfare" call in *Kisela*. *Id.* at 1155 (Sotomayor, J., dissenting). Omar had reportedly just assaulted Andrade and his own mother and had smashed the window of Andrade's car. He ignored

Officer Rutledge's repeated orders to stop and continued to advance toward Andrade with a knife. *Kisela* shows that, as of 2010, there was no clearly established law demonstrating that Officer Rutledge's use of deadly force was unconstitutional.

We also find that no intervening case gave Officer Rutledge notice that her actions would violate clearly established law—the cases Ventura cites are distinguishable in material ways. In *Glenn v. Washington County*, 673 F.3d 864 (9th Cir. 2011), the decedent had not previously attempted to hurt anyone and had not moved toward anyone else until after he was shot with a beanbag gun. *Id.* at 874, 878–79. In *George v. Morris*, 736 F.3d 829 (9th Cir. 2013), while the officers were responding to a domestic disturbance call, decedent's wife had not been previously assaulted, was not near the decedent, and there was a question of material fact as to whether the decedent, who was using a walker, had raised his gun toward the responding officers. *Id.* at 832–33, 839. Finally, the opinion in *Estate of Lopez v. Gelhaus*, 871 F.3d 998 (9th Cir. 2017), not only postdates the incident here by two years, it also does not squarely govern the facts before us. In *Gelhaus*, an officer shot a teenager who was walking with a toy gun that looked like an AK-47. *Id.* at 1002–03. The teenager was suspected of no crime and was shot when he turned in response to a single order to drop his gun that came from behind. *Id.* at 1020–21.

The degrees of apparent danger in these cases do not "squarely govern" the facts here. Omar was advancing with a knife toward a woman whom he had reportedly just assaulted. He ignored Officer Rutledge's repeated commands to stop and a warning that she would shoot. None of the cases Ventura cites involved an officer acting under similar circumstances as Officer Rutledge, and therefore,

Ventura fails to show that it was clearly established that Officer Rutledge's actions amounted to constitutionally excessive force. *See Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) (holding officer was entitled to qualified immunity because plaintiff "fail[ed] to identify sufficiently specific constitutional precedents to alert [the officer] that his particular conduct was unlawful").

Officer Rutledge is entitled to qualified immunity.[1]

**AFFIRMED.**

---

[1] Ventura argues that there is a question of material fact as to whether Omar was "walking normally," whether he appeared to be brandishing his knife, and whether Andrade felt threatened. Resolution of these facts does not change our finding that Officer Rutledge did not violate clearly established law. It was not clearly established, in 2015, that fatally shooting a person, who was armed with a knife and advancing toward someone whom he had reportedly just assaulted, and who ignored multiple commands to stop and a warning that the officer would fire, constituted constitutionally excessive force, even if the decedent was "walking normally," did not appear to be "brandishing" his knife, and the intended victim did not feel threatened.